In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-3450

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FRANK ROMAN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 CR 327—**Matthew F. Kennelly**, *Judge.*

ARGUED MAY 21, 2007—DECIDED JUNE 28, 2007

Before RIPPLE, WOOD, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* Frank Roman was a full-time police officer who had a part-time job working a security detail at a "gentlemen's club" (or, more accurately, a strip joint) called "Heavenly Bodies" in Elk Grove, Illinois. Heavenly Bodies paid Roman in cash—some $37,000 in 1998 and 1999. And like a lot of "cash" that changes hands in the underground economy, Heavenly Bodies' payments to Roman did not find their way onto his federal income tax returns for those years. This state of affairs led to his indictment on two counts of filing a false tax return.

Eventually, a jury convicted Roman on both counts, and the district judge, Matthew F. Kennelly, sentenced him to

a term of three years probation. Roman appeals, arguing that the government failed to prove beyond a reasonable doubt that he *willfully* filed false tax returns and that the government committed prosecutorial misconduct when it elicited from him, during cross-examination, that as a police officer he took an oath to uphold and enforce the law. Finally, Roman contends that Judge Kennelly abused his discretion by precluding an argument based on what he characterizes as a "golden rule" appeal. Finding insufficient merit to any of these arguments, we affirm Roman's conviction.

The "facts" are undisputed. Roman received cash in payment for his work at Heavenly Bodies, but he didn't report any of it as income on his tax returns. During the trial, while testifying in his own behalf, Roman explained that he didn't think he was required to report the cash he received at Heavenly Bodies as income on his returns. His "defense," if one can call it that, is that he made a "mistake" and did not act willfully to violate the law.

As we have said many times, a defendant who challenges his conviction based upon an alleged insufficiency of evidence "bears a heavy burden." *United States v. Gonzalez*, 933 F.2d 417, 436 (7th Cir. 1991). A jury verdict must be upheld unless the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. *See United States v. Cunningham*, 108 F.3d 120, 121 (7th Cir. 1997).

Roman falls miles short of overcoming his "nearly insurmountable hurdle" of establishing that the evidence against him was insufficient. *See United States v. Fassnacht*, 332 F.3d 440, 447 (7th Cir. 2003). The jury obviously rejected Roman's claim that failing to report his income from Heavenly Bodies was a "mistake." He knew it was "income." He simply had no conceivable

defense to the charge. So we move to the final two claims Roman raises on this appeal.

During opening statement, the AUSA prosecuting the case for the government remarked that Roman, as a police officer, violated his oath to uphold the law by failing to truthfully report all of his earned income on his tax returns:

> Now, as a police officer, the defendant took an oath to uphold and enforce the law. As a taxpayer, the defendant took an oath to truthfully report all of his income. The defendant broke his oath, and the defendant broke the law, and that is what brings us here today.
>
>           . . . .
>
> The defendant willfully filed a false tax return, two, one in 1998 and one in 1999. The defendant did not report his cash income. He broke his oath.

No objection was offered to these statements.

Subsequently, on cross-examination, the AUSA again asked about Roman's understanding of oaths:

> AUSA:       You took an oath at the beginning of today to tell the truth, didn't you?
>
> Defendant:  Yes, I did.
>
> AUSA:       And you understand your duty to tell the truth, don't you?
>
> Defendant:  Yes, ma'am.
>
> AUSA:       You took an oath as a police officer, didn't you?
>
> Defendant   Yes, I did.
>
> AUSA:       That was an oath to uphold the law, right?

Defendant:   Yes, ma'am.

AUSA:        That means all of the laws, right, state, and federal, is that correct?

Defendant:   Yes, ma'am.

AUSA:        And that includes the tax laws, correct?

At this point, Judge Kennelly requested a sidebar, during which the following exchange ensued:

Judge:       You anticipated something I was going to raise before closing arguments, and I recognize there has not been an objection, but plain error rule being what it is, one of the things that was said in opening was essentially a suggestion that, as a police officer, he may have had some higher duty than other people. And that resonated a little bit because of a discussion that had come up I think with one of the jurors back in chambers. I don't think it is a proper argument, and I think that's where this is going. So this part finishes right now.

AUSA:        I am sorry. I was trying to get to truth-telling.

Judge:       All right.

Nothing more was said on the point until Roman filed a post-trial motion for judgment of acquittal or new trial, arguing that the AUSA made improper remarks in referring to the fact that, as a police officer, Roman took an oath to uphold the law. Judge Kennelly rejected the argument, explaining:

At sidebar, the Court advised the prosecutor that we did not believe her last inquiry was proper because it suggested that Mr. Roman somehow had a higher duty than other citizens to obey the tax laws. Government

counsel advised that was not her intent. The Court had (and has) no reason to doubt her veracity. We advised the government, however, that we would not permit further inquiry along these lines. Following the sidebar, the Court struck the law question and answer—the one concerning whether Mr. Roman's oath as a police officer to uphold the law included the tax laws—and directed the jury to disregard that question and answer. The government made no reference to the point thereafter, including during closing and rebuttal argument.

We think Judge Kennelly could not have perceived or handled the matter any better than he did. It was a model of how an unobjected to, but arguably erroneous, (1) comment made during opening statement, and (2) questions asked during cross-examination, should be handled. We perceive no error on this record even if the areas of inquiry were improper, a point we need not pursue because at best it could never amount to anything above the category of harmless.

Which brings us to the final issue Roman raises on this appeal. Before the trial kicked off, the government filed a motion in limine to preclude Roman from making a so-called "Golden Rule" appeal, i.e., that the jury should place itself in his shoes. In support of its motion, the government relied on *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989), for the proposition that such arguments are improper. Judge Kennelly agreed and granted the government's motion.

*Teslim* ironically involved an improper "Golden Rule" argument by the government: "[I]f it happened to you and you had nothing to hide—" Here, Roman was rebuffed when he sought to argue that the jurors should put themselves in his shoes and consider "There but for the grace of God go I."

This proposed argument was correctly foreclosed by Judge Kennelly. As we explained in *Teslim*, a "Golden Rule" appeal in which the jury is asked to put itself in the defendant's position "is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." 869 F.2d at 328.

In his brief, Roman writes:

> In a tax evasion case such as this, it is a logical extension to ask the jury to think about evil versus stupid, to speculate what they would do, were they to be placed in the subjective shoes of the defendant. This is precisely what "there, but for the grace of God" requests. No more no less than the objective discernment of evil as viewed from the defendant's subjective eyes. "God" in this context being a surrogate for the all knowing introspective "See," the diviner of the secrets in men and women's heart.

Whatever can be said about this contention, one thing is certain: it's not persuasive. We see no reason why the rule against arguing about the Golden Rule should be reconsidered in this case.

For these reasons, the judgment of the district court is AFFIRMED.

A true Copy:

       Teste:

                         _____

                         *Clerk of the United States Court of*
                         *Appeals for the Seventh Circuit*